# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:23-cr-553 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER ON VIOLATION OF |
| | ) | CONDITIONS OF SUPERVISED |
| | ) | RELEASE |
| DEONTE COOPER, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

A Violation Report was filed in this case on January 13, 2025.[1] The Court referred this matter to Magistrate Judge Amanda M. Knapp to conduct appropriate proceedings and to file a report and recommendation. Magistrate Judge Amanda M. Knapp reported that a supervised release violation hearing was held on October 30, 2025. The defendant admitted to the following violations:

1. Illicit Substance Use (Previously Reported to Court);
2. Failure to Notify Probation Officer of Residence Change; and
3. New Law Violation.

The magistrate judge filed a report and recommendation on October 30, 2025, in which the magistrate judge recommended that the Court find that the defendant has violated the conditions of his supervised release as set forth in violation numbers 1, 2, and 3.

A final supervised release violation hearing was conducted on November 18, 2025.

---

[1] Superseding report was filed on November 13, 2025, to provide updated advisory guideline provisions.

Present were the following: Assistant United States Attorney Toni B. Schnellinger, representing the United States; Attorney James R. Ranftl, representing the defendant; the defendant Deonte Cooper, and United States Probation Officer Mark J. Shannon.

No objections were filed to the report and recommendation of the magistrate judge. Upon review, the Court adopts the report and recommendation of the magistrate judge and finds the defendant to be in violation of the terms and conditions of his supervised release as set forth in violation numbers 1, 2, and 3.

IT IS ORDERED that the defendant's supervised release is revoked, and the defendant is committed to the custody of the Bureau of Prisons for a term of 5 months. The defendant is to receive credit for time served to date. It is the Court's recommendation that based upon the defendant's individual needs that he be placed in a halfway house pursuant to the Second Chance Act for the longest period of time for which the law allows. Upon release from BOP custody, the defendant will be placed on supervised release for a period of 2 years, with the same terms and conditions as previously imposed, and with the following additional conditions:

**Residential Reentry Center/Halfway House Placement:** You must reside at a Residential Reentry Center for up to 6 months at the discretion of the Probation Officer. A community facility includes nonjail facilities (halfway houses, community correctional enters, community sanction centers, etc). The subsistence fee is waived.

**Cognitive Behavioral Treatment:** You must participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Defendant remanded.

**IT IS SO ORDERED**.

Dated: November 18, 2025

                                                *[signature]*
                                       **HONORABLE SARA LIOI**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**